UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

FREDERICK S. AUMICK,

     Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC.,

     Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    With respect to Plaintiff's claim under the FDCPA, this Court has federal question jurisdiction as the claim arises under federal law – the FDCPA.

3.    With respect to Plaintiff's claim under the TCPA, the Court has both diversity jurisdiction under 28 U.S.C. §1332 and supplemental jurisdiction under 28 U.S.C. §1367. The citizenship of the parties are diverse, Florida and Minnesota. Plaintiff alleges in excess of 50 violations of the TCPA. The TCPA provides for damages of up to $1,500 per violation. Accordingly, the amount in controversy is

in excess of $75,000, and exceeds the threshold amount required to establish diversity jurisdiction.

## PARTIES

4.      Plaintiff, FREDERICK S. AUMICK, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant, FINANCIAL RECOVERY SERVICES, INC., is a professional corporation and citizen of the State of Minnesota with its principal place of business at 4900 Viking Drive, Edina, Minnesota 55435.

6.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.      Defendant regularly collects or attempts to collect debts for other parties.

8.      Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9.      Defendant made telephone calls to Plaintiff in an effort to collect an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on his residential telephone on or about the dates stated:

August 12, 2009 – Pre-Recorded Message

2

Retrieve this important message.  Or please return our call.  Toll free at 877-476-9749.  Thank you. Hello, this is a very important call for Durley Nill.  This is not a sales or marketing phone call.  If you are, Durley Nill, please press the 9 key to retrieve this important message.  Or please return our call, toll free at 877-476-9749.  Thank you.

August 15, 2009 – Pre-Recorded Message
Message.  Or please return our call.  Toll free at 877-476-9749.  Thank you. Hello, this is a very important call for Durley Nill.  This is not a sales or marketing phone call.  If you are, Durley Nill, please press the 9 key to retrieve this important message.  Or please return our call, toll free at 877-476-9749.  Thank you.

September 22, 2009 – Pre-Recorded Message
This important message.  Or please return our call.  Toll free at 877-476-9749.  Thank you. Hello, this is a very important call for Durley Nill.  This is not a sales or marketing phone call.  If you are, Durley Nill, please press the 9 key to retrieve this important message. Or please return our call, toll free at 877-476-9749.  Thank you.

October 14, 2009 – Pre-Recorded Message
Retrieve this important message.  Or please return our call.  Toll free at 877-476-9749.  Thank you. Hello, this is a very important call for Durley Nill.  This is not a sales or marketing phone call.  If you are, Durley Nill, please press the 9 key to retrieve this important message. Or please return our call, toll free at 877-476-9749.  Thank you.

November 3, 2009 – Pre-Recorded Message
Retrieve this important message.  Or please return our call, toll free at 952-893-0340.  Thank you. Hello, this is a very important call for Durley Nill.  This is not a sales or marketing phone call.  If you are, Durley Nill, please press the 9 key to retrieve this important message. Or please return our call, toll free at 952-893-0340.  Thank you.

November 18, 2009 – Pre-Recorded Message
Retrieve this important message.  Or please return our call.  Toll free at 952-893-0340.  Thank you.  Hello, this is a very important call for Durley Nill.  This is not a sales or marketing phone call.  If you are, Durley Nill, please press the 9 key to retrieve this important message. Or please return our call, toll free at 952-893-0340.  Thank you.

<u>November 28, 2009 – Pre-Recorded Message</u>
Retrieve this important message or return our call toll free at 877-476-9749.
Thank you.  Hello, this is a very important call for Durley Nill.  This is not a
sales or marketing phone call.  If you are Durley Nill, please press the 9 key
to retrieve this important message or please return our call toll free at 877-
476-9749.  Thank you.

<u>December 29, 2009 – Pre-Recorded Message</u>
Retrieve this important message.  Or please return our call, toll free at 952-
893-0340.  Thank you.  Hello, this is a very important call for Durley Nill.
This is not a sales or marketing phone call.  If you are, Durley Nill, please
press the 9 key to retrieve this important message. Or please return our call,
toll free at 952-893-0340.  Thank you.

11.     Defendant left in excess of 50 similar or identical messages on other

occasions. (Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See <u>*Berg v. Merchs. Ass'n Collection Div*</u>., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     The messages use a pre-recorded or artificial voice.

14.     Some of the messages appear to be seeking to collect a debt from

Durley Nill.

15.     Plaintiff is not liable for the debt of Durley Nill, does not know her,

nor does Ms. Nill reside at Plaintiff's home.

16.     Defendant used a pre-recorded or artificial voice to place telephone

calls to Plaintiff's home telephone.

17.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to his home telephone by the use of a pre-recorded or artificial voice prior to Defendant's placement of the calls.

18.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

20.     Plaintiff incorporates Paragraphs 1 through 19.

21.     Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See _Foti v. NCO Fin. Sys_., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and _Belin v. Litton Loan Servicing_, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

22.     Plaintiff incorporates Paragraphs 1 through 19.

23.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.     Damages;

    b.     Attorney's fees, litigation expenses and costs of suit; and

    c.     Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

24.     Plaintiff incorporates Paragraphs 1 through 19.

25.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

<u>COUNT IV</u>
<u>VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT</u>

26.    Plaintiff incorporates Paragraphs 1 through 19.

27.    Defendant placed non-emergency telephone calls to Plaintiff's home telephone using a pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(B). See *Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 643 (E. D. Pa. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

    d.    Such other or further relief as the Court deems proper.

7

## **JURY DEMAND**

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658