UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CIVIL CASE NO.: 10-cv-62536-Judge Altonaga

FREDERICK S. AUMICK,

        Plaintiff,
vs.

FINANCIAL RECOVERY SERVICES, INC.

        Defendants.
_____/

## ANSWER OF FINANCIAL RECOVERY SERVICES, INC.

Defendant Financial Recovery Services, Inc. ("FRS"), as and for its Answer to the Complaint ("Complaint") of Frederick S. Aumick ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, FRS admits that said paragraph alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* but denies that it violated any law.

2. In response to paragraph 2 of Plaintiff's Complaint, FRS admits that the FDCPA confers jurisdiction upon this Honorable Court but denies that it violated any law. FRS admits that venue is proper.

3. In response to paragraph 3 of Plaintiff's Complaint, FRS denies that diversity jurisdiction is proper.

4. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. FRS admits the allegations set forth in paragraph 5 of Plaintiff's Complaint.

6. FRS admits the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. FRS admits the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. In response to paragraph 8 of Plaintiff's Complaint, FRS states that while at times it might be deemed a "debt collector" under the FDCPA, it lacks knowledge or information sufficient to form a belief about the truth of whether or not it was a "debt collector" in regard to Plaintiff's debt.

9. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 10 of Plaintiff's Complaint and all its subparts.

11. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. FRS denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. In response to paragraph 20 of Plaintiff's Complaint, FRS adopts by reference paragraphs 1 through 19 of this Answer.

21. FRS denies the allegation set forth in paragraph 21 of Plaintiff's Complaint.

22. In response to paragraph 22 of Plaintiff's Complaint, FRS adopts by reference paragraphs 1 through 21 of this Answer.

23. FRS denies the allegation set forth in paragraph 23 of Plaintiff's Complaint.

24. In response to paragraph 24 of Plaintiff's Complaint, FRS adopts by reference paragraphs 1 through 23 of this Answer.

25. FRS denies the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. In response to paragraph 26 of Plaintiff's Complaint, FRS adopts by reference paragraphs 1 through 25 of this Answer.

27. FRS denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Any violation of state or federal law, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which FRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of FRS.

### THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which FRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any claim of damages against FRS.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this matter.

### FIFTH AFFIRMATIVE DEFENSE

FRS has lacks information to respond to most of Plaintiff's complaint, as it cannot locate the account on which the calls allegedly took place. Moreover, Plaintiff's counsel has refused FRS' request for such information.

WHEREFORE, FRS, prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against FRS with prejudice and on the merits; and,

2. Awarding FRS such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

/s/ Kenneth C. Grace
Kenneth C. Grace, Esq.
Florida Bar No.: 0658464
Dayle M. Van Hoose, Esq.
Florida Bar No.: 0016277
Sessions, Fishman, Nathan & Israel, L.L.C.
3350 Buschwood Park Drive, Suite 195
Tampa, FL 33618
Telephone:   (813) 890-2465
Facsimile:   (866) 466-3140
dvanhoose@sessions-law.biz
kgrace@sessions-law.biz

Attorneys for Defendant,
Financial Recovery Services, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January 2011 a copy of the foregoing was served electronically via CM/ECF on the following:

Donald A. Yarbrough, Esq.
P.O. Box 11842
Ft. Lauderdale, FL  33339


/s/ Kenneth C. Grace
Attorney

338369